| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:08-cv-6403-CAS(AGRx) | Date | January 8, 2018 |
| Title | UNITED STATES OF AMERICA ex rel. GERALDINE GODECKE v. KINETIC CONCEPTS, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Mark Labaton | Kevin Minnick |
| | Gregory Luce |

**Proceedings:** PLAINTIFF-RELATOR'S MOTION FOR ENTRY OF JUDGMENT ON FRAUD CLAIMS AND STAY OF REMAINING CLAIMS (Dkt. 305, filed December 11, 2017)

## I. INTRODUCTION & BACKGROUND

On September 29, 2008, plaintiff-relator Geraldine Godecke filed her original qui tam complaint under seal, asserting that defendants KCI-Inc. and Kinetic Concepts, Inc. (collectively "KCI")—manufacturers and distributors of durable medical equipment—fraudulently caused the government to disburse money by submitting claims to Medicare that KCI knew were not reimbursable. Dkt. 1. On April 27, 2011, following a three-year investigation of the allegations in this matter and those in a related qui tam action filed by Steven J. Hartpence, the Government officially declined to intervene. Dkt. 19.

On June 3, 2011, Godecke filed her second amended complaint. Dkt. 20 ("SAC"). On January 30, 2012, the Honorable George H. King dismissed three of Godecke's four claims in the SAC for lack of subject matter jurisdiction. Dkt. 85. On May 24, 2012, Judge King entered judgment as to Godecke's first three claims and stayed the action pending appeal. Dkt. 101. On July 7, 2015, an en banc Ninth Circuit panel reversed the dismissal of Godecke's claims. Dkt. 182.

Accordingly, on remand, Judge King denied KCI's renewed motion to dismiss for lack of subject matter jurisdiction on November 16, 2016, Dkt. 233, but on December 29, 2016, granted KCI's motion to dismiss what were, at the time, her second and third claims. On January 9, 2017, upon the retirement of Judge King, this matter was randomly reassigned to the Honorable Beverly Reid O'Connell. Dkt. 235. On January 30, 2017, Godecke filed a third amended complaint. Dkt. 236 ("TAC"). On April 27,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:08-cv-6403-CAS(AGRx) | Date | January 8, 2018 |
| Title | UNITED STATES OF AMERICA ex rel. GERALDINE GODECKE v. KINETIC CONCEPTS, INC. ET AL. | | |

2017, Judge O'Connell granted KCI's Motion to Dismiss Godecke's first and second claims for relief in the TAC for failure to state a claim. Dkt. 246.

On May 15, 2017, Godecke filed her fourth amended complaint, attaching several new exhibits. Dkt. 247 ("FAC"). Godecke's FAC includes three claims arising under the False Claims Act ("FCA"): (1) violation of 31 U.S.C. § 3729(a)(1)(A), based on KCI allegedly knowingly presenting false or fraudulent claims to Medicare for approval; (2) violation of 31 U.S.C. § 3729(a)(1)(B), for allegedly presenting false documents in support of those claims; and, (3) retaliation in violation of 31 U.S.C. § 3730(h).

On May 30, 2017, KCI filed a motion to dismiss Godecke's FAC for failure to plead a violation of the FCA. Dkt. 248. On June 27, 2017, KCI filed motions for terminating sanctions against relators Godecke and Hartpence. Dkt. 259. On August 21, 2017, Judge O'Connell granted KCI's request for attorneys' fees and costs and lesser sanctions, but denied KCI's request for terminating sanctions. Dkt. 282. On August 21, 2017, Judge O'Connell granted KCI's motion to dismiss Godecke's FAC with prejudice for failure to plead a violation of the FCA, but denied the motion to dismiss with respect to the retaliation claim alleged under 31 U.S.C. § 3730(h). Dkt. 283.

Following the untimely death of Judge O'Connell, on October 18, 2017, this action was randomly reassigned to this Court. Dkt. 297. On December 11, 2017, Godecke filed the instant motion for entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) with respect to her dismissed FCA fraud claims, and requested a stay on the remaining retaliation claim and KCI's counterclaims pending appeal. Dkt. 305 ("Motion"). On December 18, 2017, KCI filed an opposition, dkt. 309 ("Opp'n"), and on December 26, 2017, plaintiff filed a reply, dkt. 310 ("Reply").

The Court heard oral argument on January 8, 2018, and indicated in a tentative ruling that it would grant plaintiff's motion. Following oral argument, the Court took the matter under submission.

## II. LEGAL STANDARD

    A.    **Federal Rule of Civil Procedure 54(b)**

Under Rule 54 of the Federal Rules of Civil Procedure, "[w]hen an action presents more than one claim for relief ... the court may direct entry of a final judgment as to one

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:08-cv-6403-CAS(AGRx) | Date | January 8, 2018 |
| Title | UNITED STATES OF AMERICA ex rel. GERALDINE GODECKE v. KINETIC CONCEPTS, INC. ET AL. | | |

or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In assessing the propriety of ordering partial final judgment, the Court "must first determine that it has rendered a 'final judgment,' that is, a judgment that is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.' " Wood v. GCC Bend, LLC, 422 F.3d 873, 878 (9th Cir. 2005) (quoting Curtiss–Wright Corp. v. General Electric Co., 446 U.S. 1, 7 (1980)). "Then [the court] must determine whether there is any just reason for delay." Id. "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration' " and must take into account the equities involved. (quoting Curtiss–Wright, 446 U.S. at 7 (internal quotation marks omitted)).

## III. DISCUSSION

In applying the applicable standard, Godecke argues that entry of final judgment will avoid unnecessary and duplicative litigation of the fraud and retaliation claim. Motion at 6. She argues that her retaliation claim is "separate and distinct from her fraud claims," and that the claims and facts are materially different. Id. at 6 (citing Weslowski v. Zugibe, 14 F. Supp. 3d 295, 309–10 (S.D.N.Y. 2014); United States v. Lusby v. Rolls Royce Corp., 570 F.3d 849, 851 (7th Cir. 2009)). She further argues that "the claims are clearly related such that judicial economy favors litigating them concurrently" insofar as the retaliation claim arises from Godecke's complaints about the fraud, and thus the discovery, evidence, and litigation on both claims will be closely connected." Id.

Moreover, Godecke asserts that entry of final judgment will avoid unnecessary and duplicative litigation of the fraud claims and KCI's counterclaims for breach of contract and conversion. Id. at 7. Though the counterclaims overlap with the separate fraud claims, Godecke contends that resolving the primary issue of fraud before resolving the counterclaims is appropriate. Id. at 7–8 (citing Wood v. GCC Bend, LLC, 422 F.3d 873, 881 (9th Cir. 2005); United States ex rel. Madden v. General Dynamics Corp., 4 F.3d 827, 831 (9th Cir. 1993); Cell Therapeutics, Inc. v. Lash Group, Inc., 586 F.3d 1204, 1208–09 (9th Cir. 2009)). Godecke asserts that entry of judgment and appellate determination of the primary claims will also encourage settlement. Id. at 8–9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:08-cv-6403-CAS(AGRx) | Date | January 8, 2018 |
| Title | UNITED STATES OF AMERICA ex rel. GERALDINE GODECKE v. KINETIC CONCEPTS, INC. ET AL. | | |

Next, Godecke argues against KCI's request that the discovery and pretrial motion schedule for this case be coordinated with those of the related case brought by relator Steven Hartpence. Id. at 10–11. She contends that the FCA fraud claims that Godecke and Hartpence raised are significantly different from her retaliation claim, and that KCI's proposal is meant to prevent reasonable, fair, and organized assessment of its conduct in submitting hundreds of thousands of claims to Medicare. Id. at 11–12. In sum, Godecke requests that the Court enter final judgment on the fraud claims in her case and stay her remaining retaliation claim and KCI's counterclaims pending appeal.

In opposition, KCI contends that judgments under Rule 54(b) must be reserved for the *unusual* case, and that Godecke fails to offer any argument to this effect and fails to demonstrate that judicial administrative interests or the equities favor entering judgment. Id. at 5.

KCI asserts that three judicial administrative interests are at issue. First, the dismissed claims are factually and legally related, which poses a risk of successive, piecemeal appeals that should be decided by the Ninth Circuit together, and a similarity of legal or factual issues will weigh heavily against entry of judgment. Id. at 6 (citing Morrison-Knudsen, 655 F.2d at 965). KCI contends that there is such factual overlap between the FCA fraud claims that were dismissed and the remaining retaliation claim and counterclaims that entry of judgment is only proper where necessary to avoid a harsh and unjust result, which Godecke has not demonstrated. Id. at 6–7. KCI argues that Godecke's focus on judicial efficiency is on the trial court's interests, to the exclusion of the Ninth Circuit's interests—which would have to hear multiple appeals. Id. at 8.

Second, KCI argues that its pending counterclaims for breach of contract and conversion guarantee that any immediate appeal will still leave unresolved disputes pending between the parties in this Court. Id. at 9. KCI asserts that its counterclaims stand alone, unlike a "dependent damages claim" that depends upon the outcome of Godecke's fraud claims for their validity. Id. at 10. Accordingly, KCI argues that its counterclaims weigh against entry of judgment.

Third, KCI contends that an immediate appeal will defeat potential efficiencies to be gained by coordinating pretrial proceedings in this case with those in the related Hartpence case. Id. at 10. KCI expects that the two cases will involve similar witnesses and documents, and they involve the very same counsel. Id. at 11. Moreover, KCI

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:08-cv-6403-CAS(AGRx) | Date | January 8, 2018 |
| Title | UNITED STATES OF AMERICA ex rel. GERALDINE GODECKE v. KINETIC CONCEPTS, INC. ET AL. | | |

argues that the proposed course of action will multiply the potential appellate proceedings that end up before the Ninth Circuit. Id. (citing Favreau v. City of Escondido, No. 10-CV-2348 W WVG, 2012 WL 2092737, at *3 (S.D. Cal. June 11, 2012)).

With respect to the equities at issue, KCI argues that courts assess whether a Rule 54(b) judgment would inject additional undue delay into already aged cases. Id. at 12 (citing Birkes v. Tillamook Cty., No. 3:09-CV-1084-AC, 2012 WL 2178964, at *3 (D. Or. June 13, 2012); Hildes v. Anderson, 2012 WL 4658742, at *2 (S.D. Cal. Nov. 8, 2010)). Because Godecke's case is based on alleged conduct that is over ten years old, and has been pending since 2008, further delay will make discovery more difficult. Id. at 13. Finally, KCI argues that Godecke's references to settlement are speculative, and that the effect of an immediate appeal on the Government's settlement position cannot be reliably predicted. Id. at 15.

Concerning Godecke's request for a stay of her retaliation claim and KCI's counterclaims, KCI contends that she has made no showing to support this request. Id. at 15. KCI asserts that some courts have applied a four-factor test that generally applies to a stay pending appeal, which is similar to that governing preliminary injunctions, and that other courts have determined that a stay should be granted upon a showing that it would be efficient and fair to do so. Id. at 15–16. KCI contends that Godecke's motion is silent as to what standard should apply, and thus the Court should disregard her request. Id. at 16. Nonetheless, KCI argues that under either test, Godecke's request fails because she has a low likelihood of success on appeal, given that numerous federal judges granted dismissal of her FCA fraud allegations, and that the equities weigh against delaying this case further. Id.

Finally, KCI contends that if the Court decides to enter judgment under Rule 54(b), the fraud claims against KCI would come to an end in this Court and accordingly Godecke's obligation to pay KCI's attorneys' fees and costs associated with KCI's motion for sanctions would be triggered. Id. at 17.

In reply, Godecke reiterates that her fraud allegations in the FCA fraud claims predominate, and that these distinct claims involve different elements and conduct from her private retaliation claim. Reply at 3–5. Though the fraud and retaliation claims do not rise and fall together, she contends that the retaliation claim will necessarily involve fraud evidence—thus entry of judgment will avoid two potential periods of discovery,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:08-cv-6403-CAS(AGRx) | Date | January 8, 2018 |
| Title | UNITED STATES OF AMERICA ex rel. GERALDINE GODECKE v. KINETIC CONCEPTS, INC. ET AL. | | |

two sets of motion practice, and two trials addressing fraud claims, which is efficient for both parties and the Court. Id. at 5. Godecke contends that, because KCI's counterclaims are factually and legally distinct from the fraud allegations, the predominating fraud allegations should be resolved before addressing the counterclaims. Id. at 8–9. Moreover, Godecke argues that the Hartpence litigation is separate and distinct, and does not preclude the entry of judgment on Godecke's FCA claims. Id. at 9.

With respect to the weight of the equities, Godecke argues that the public interest in protecting taxpayers from fraud should be given greater weight than the private interests in the remaining claims. Id. at 11. Given that Godecke filed her FCA complaint almost ten years ago, she argues that her allegations of fraud against the government deserve resolution before the parties' private claims. Id. at 12.

Regarding whether a stay should issue as to the remaining claim and counterclaim, Godecke contends that granting the motion will promote a judicially efficient and equitable approach to the litigation, as she argued in her opening brief. Id. at 14. Moreover, she argues that KCI offers no FCA case in which a court determined *not* to the stay the remaining, non-fraud claims. Id.

Finally, Godecke argues that if the Court indeed enters judgment on the fraud claims, Godecke is not responsible for immediate payment of KCI's fees and costs because she does not seek an end to the case—only a chance to promptly appeal the dismissal of the fraud claims and a stay of the remaining claims. Id. at 15.

The first step in the Court's analysis is determining whether it has rendered a final judgment in the course of a multiple claims action. The Court finds that dismissal with prejudice of Godecke's FCA fraud claims on August 21, 2017 constituted an "ultimate disposition." See Curtiss-Wright, 446 U.S. at 7. Accordingly, the only remaining claims are Godecke's claim for retaliation and KCI's counterclaims for breach of contract and conversion.

The next step is determining whether, in entering judgment pursuant to Rule 54(b), there is "any just reason for delay." Wood, 422 F.3d 873 at 878. Important factors in this consideration are "whether immediate appellate resolution will foster settlement of the remaining claims," whether the claims sought for appeal will "determine the scope and contours of trial as to the remaining issues," and whether an appeal will avoid wasting judicial resources in a re-trial and a potential resulting appeal. See Siegal, 2011 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:08-cv-6403-CAS(AGRx) | Date | January 8, 2018 |
| Title | UNITED STATES OF AMERICA ex rel. GERALDINE GODECKE v. KINETIC CONCEPTS, INC. ET AL. | | |

13127546, at *1 (citing Continental Airlines, 819 F.2d at 1525). In addition, whether there is any just reason for delay must be determined in the "interest of sound judicial administration" and in consideration of "preserving the historical federal policy against piecemeal appeals." Wood, 422 F.3d 873 at 878 (citations and quotations omitted).

Here, the Court determines that any error in dismissing with prejudice Godecke's fraud claims would impact the remaining retaliation claim insofar as the retaliation claim concerns whether Godecke had a good faith subjective belief that KCI engaged in fraud and whether her subjective belief was objectively reasonable. See Moore v. California Institute of Technology Jet Propulsion Laboratory, 275 F.3d 838, 845–46 (9th Cir. 2002) ("an employee engages in protected activity where (1) the employee in good faith believes, and (2) a reasonable employee in the same or similar circumstances might believe, that the employer is possibly committing fraud against the government."). To go forward and litigate the retaliation claim and counterclaims—which in turn arise from Godecke's retention of KCI's alleged proprietary information evidencing its alleged fraud, and her subsequent release of this information to the government—results in a strong likelihood that these claims will be litigated out of context and without full discovery as to the allegations supporting Godecke's fraud claims.[1] The Court finds that entry of partial final judgment with respect to the dismissed fraud claims is therefore appropriate because appeal will determine the scope and contours of the remaining issues

---

[1] The Ninth Circuit has recognized that the presence of counterclaims does not necessarily preclude entry of judgment under Rule 54(b). Indeed, a district court may enter judgment under Rule 54(b) even where the remaining claims would require proof of the same facts involved in the dismissed claims. See Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991) (citing Continental Airlines, 819 F.2d at 1519 and finding that "although the claims disposed of on appeal and the remaining counterclaims require proof of the same facts, the legal issues now appealed will streamline the ensuing litigation."); Noel v. Hall, 568 F.3d 743, 747 (9th Cir. 2009) ( "[W]e have held that claims certified for appeal do not need to be separate and independent from the remaining claims, so long as resolving the claims would 'streamline the ensuing litigation.' "); see also Sheehan v. Atlanta Int'l Ins. Co., 812 F.2d 465, 468 (9th Cir. 1987) ("The Rule 54(b) claims do not have to be separate from and independent of the remaining claims."); Alcan Aluminum Corp. v. Carlsberg Fin. Corp., 689 F.2d 815, 817 (9th Cir. 1982).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:08-cv-6403-CAS(AGRx) | Date | January 8, 2018 |
| Title | UNITED STATES OF AMERICA ex rel. GERALDINE GODECKE v. KINETIC CONCEPTS, INC. ET AL. | | |

left to be litigated. Accordingly, entry of judgment will streamline the complex issues relating to KCI's alleged fraudulent conduct, conserve judicial resources with respect to the potential for multiple rounds of discovery, motions, and possibility of re-trial, and will also promote settlement insofar as appellate review of the dismissed fraud claims will provide perspective as to the veracity of the remaining claims.

With respect to the equities, the Court recognizes that evidence is getting older. At the same time, ten years have already passed since Godecke filed her FCA fraud claims and, on balance, greater prejudice will ensue if the remaining claims are litigated, the FCA fraud claims are subsequently reversed, and new discovery and a re-trial become necessary. As such, it is important to determine whether the FCA fraud claims are viable and thus ought to be tried together with the remaining claims. The Ninth Circuit has specifically observed in this instance that "[j]udgments under Rule 54(b) must be reserved for the *unusual case* in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties. The trial court should not direct entry of judgment under Rule 54(b) unless it has made specific findings setting forth the reasons for its order." Morrison-Knudsen Co., 655 F.2d 962 at 965 (emphasis added). The Court's above observations with respect to both judicial administration and the equities lead the Court to conclude that the present circumstances are unusual insofar as the instant case is old and an appellate conclusion as to the viability of the predominating fraud claims will help efficiently resolve, one way or the other, the remaining claims. Moreover, appellate resolution of the fraud claims at this earlier stage will ensure that, if indeed discovery on the fraud claims is warranted, discovery as to those claims will occur sooner rather than later in an already aged case and will only need to occur once. The Court therefore finds no just reason for delay in entering partial final judgment on Godecke's dismissed FCA fraud claims. Moreover, given the circumstances of this case, the Court finds that a stay on the remaining claim and counterclaims would serve the interests of efficiency and fairness in order to avoid the potential for duplicative proceedings and discovery.

The Court declines to direct Godecke to pay KCI's attorneys' fees and costs pursuant to the Court's October 31, 2017 order until the entirety of Godecke's claims are resolved.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:08-cv-6403-CAS(AGRx) | Date | January 8, 2018 |
| Title | UNITED STATES OF AMERICA ex rel. GERALDINE GODECKE v. KINETIC CONCEPTS, INC. ET AL. | | |

## IV. CONCLUSION

In light of the foregoing analysis, the Court **GRANTS** Godecke's motion to enter partial final judgment pursuant to Rule 54(b) and stays the remaining retaliation claim and breach of contract and conversion counterclaims pending appeal.

IT IS SO ORDERED.

|  | 00 | : | 22 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |